IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HAROLD E. STRICKLAND, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:12cv00005 |
| | ) | |
| v. | ) | |
| | ) | |
| DR. MARK MILITANA, *et al.*, | ) | By: Robert S. Ballou |
|     Defendants. | ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the court on Strickland's motion for preliminary injunctive relief (Docket No. 2) and his motions to amend (Docket Nos. 22, 24, 25, 26, and 28). By previous order, the court referred all motions in this case to the undersigned for proposed findings of fact and a recommended disposition of the motions, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, the undersigned **RECOMMENDS** that the court **GRANT in part** and **DENY in part** Strickland's motions to amend and that the court **DENY** Strickland's motion for preliminary injunctive relief.

At the time this 42 U.S.C. § 1983 action was filed, Strickland was housed at Deep Meadows Correctional Center ("DMCC"). In his initial complaint, Strickland raised claims against defendants employed at DMCC and Mecklenberg Correctional Center ("MCC"), as well as Virginia Department of Corrections ("VDOC") officials, the VDOC, the Commonwealth of Virginia, and Assistant Attorney General John Parsons, alleging that he was denied adequate medical treatment for his Crohn's disease and that he was denied a "proper" diet which would accommodate his medical needs. During the pendency of this action, Strickland has been transferred to Powhatan Correctional Center ("PCC") and Indian Creek Correctional Center ("ICCC"). At the present time, Strickland is housed at ICCC which is located in Chesapeake, Virginia in the Eastern District of Virginia.

In his motions to amend, Strickland seeks to add additional facts to his claims against already named defendants, as well as add new defendants and facts in support of his claims against those new defendants. Specifically, Strickland seeks to add Dr. Tony (employed at PCC), Sgt. White (employed at PCC), Dr. Ohai (employed at PCC), Nurse Profit (employed at PCC), Ms. Carson (employed at PCC), Nurse #1 (employed at PCC), Nurse #2 (employed at ICCC), and Dr. Campbell (employed at ICCC). Upon consideration of his motions, the undersigned recommends that Strickland's motions to amend be granted in part and denied in part. The undersigned recommends that Strickland's motions be granted to the extent that he seeks to add additional facts in support of his claims against already named defendants and to the extent he seeks to add new defendants Dr. Tony, Sgt. White, Dr. Ohai, Nurse Profit, Ms. Carson, and Nurse #1 and facts in support of his claims against these new defendants. The undersigned further recommends that Strickland's motions to amend be denied to the extent he seeks to add new defendants Nurse #2 and Dr. Campbell and facts in support of his claims against these two defendants.

> Proper venue in a § 1983 case is defined by 28 U.S.C. § 1391(b), which provides that:
>
> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). It is plaintiff's burden to establish that venue over his claims and each defendant is proper in the Western District of Virginia. See, e.g., Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979). Strickland's claims against defendants Nurse #2 and Dr. Campbell concern acts or omissions which occurred at ICCC in Chesapeake, Virginia, where these defendants are employed. As such, venue over those claims is not proper

2

in this district.  See 28 U.S.C. § 1391.  Accordingly, the undersigned recommends that Strickland's request to add defendants Nurse #2 and Dr. Campbell be denied.

In his motion for preliminary injunctive relief, Strickland asks the court to order the defendants to provide him with adequate medical care and a "proper" diet in light of his medical needs as they relate to his Crohn's disease.  Upon consideration of Strickland's motion, the undersigned recommends that his motion be denied.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly.  See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991).  As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).

When a claim no longer presents a viable legal issue to resolve, the claim becomes moot. Powell v. McCormack, 395 U.S. 486, 496 (1969).  If developments occur during the course of a case which render the court unable to grant a party the relief requested, the claim(s) must be dismissed as moot.  Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement.  See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding

3

that transfer made moot claim for injunctive relief); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

In this case, Strickland has been transferred to ICCC and, therefore, no longer requires an injunction directing the defendants in the Western District of Virginia to provide him with the medical treatment or diet he seeks. Accordingly, the undersigned recommends that Strickland's claims for preliminary injunctive relief be dismissed as moot.[1]

The Clerk of the Court is **DIRECTED** immediately to **TRANSMIT** the record in this case to the Honorable Samuel G. Wilson, United States District Judge. All parties are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send copies of this Report and Recommendation to plaintiff and counsel of record for defendants.

Entered: May 22, 2012

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge

---

[1] To the extent that any of the defendants party to this action may also be responsible for any alleged denial of Strickland's constitutional rights while he is housed at ICCC, any such claim should be raised in a § 1983 action in the Eastern District of Virginia after Strickland has exhausted his administrative remedies at ICCC.

4