CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**JUN 15 2012**

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| HAROLD E. STRICKLAND, | ) | Civil Action No. 7:12cv00005 |
| **Plaintiff,** | ) | |
| | ) | **ORDER ADOPTING REPORT** |
| v. | ) | **AND RECOMMENDATION** |
| | ) | |
| DR. MARK MILITANA, *et al.*, | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

Harold E. Strickland, a Virginia inmate proceeding *pro se*, filed a motion for preliminary injunctive relief (Docket No. 2) and several motions to amend (Docket Nos. 22, 24, 25, 26, and 28). By previous order, the court referred the matter to United States Magistrate Judge Robert S. Ballou for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed a report, recommending that the court grant in part and deny in part Strickland's motions to amend and that the court deny Strickland's motion for preliminary injunctive relief. Strickland filed objections to the Report and Recommendation as it concerns the Magistrate Judge's recommendation to deny Strickland's request for preliminary injunctive relief, largely reiterating arguments made in his earlier pleadings. Having reviewed the Report and Recommendation, the objections thereto, and pertinent portions of the record *de novo* in accordance with § 636(b)(1), the court agrees with the Magistrate Judge's recommendation.

This action concerns Strickland's medical treatment while he was housed at Mecklenberg Correctional Center, Deep Meadows Correctional Center, and Powhatan Correctional Center, all located in the Western District of Virginia. Strickland is now housed at Indian Creek Correctional Center, located in the Eastern District of Virginia. As relief for his motion for preliminary injunction, Strickland asks the court to order the defendants to provide him with adequate medical treatment and "a low residue/low fiber diet as ordered by the doctor." To the

extent Strickland seeks preliminary injunctive relief against the defendants he names in this action, his claim is moot.[1]   The relief Strickland seeks must be rendered, prescribed, and/or ordered by a medical professional who is currently treating him.  None of the defendants to this action are currently treating Strickland's medical needs.

Strickland names the following defendants to this action:

A) From Mecklenberg Correctional Center ("MCC"): Dr. Militana, Nurse Gayle Harris, R. Sutterfield, Nurse Gregory, and Warden Ponton;

B) From Deep Meadows Correctional Center ("DMCC"): Dr. Clarke, Food Services Director Ms. Cloud, and Warden Diggs;

C) From Powhatan Correctional Center ("PCC"): Dr. Ohai, Dr. Tony, Sgt. White, Nurse Profit, Ms. Carson, and Nurse #1;

D) Others: Ombudsman Whitten, Ombudsman Bryant, Ombudsman Davis, Ombudsman Taylor, Ombudsman Seay, Health Services Director of the VDOC, Chief Medical Officer of the VDOC, Director of the VDOC Harold Clarke, Assistant Attorney General J. Michael Parsons, the VDOC, and the Commonwealth of Virginia.[2]

The defendants from MCC, DMCC, and PCC are unable to provide the medical treatment or diet that Strickland seeks because Strickland is no longer in their care.

The five Ombudsman defendants, Harold Clarke, J. Michael Parsons, the VDOC, and the Commonwealth of Virginia are not medical defendants.  Therefore, these defendants are not able to prescribe or order Strickland's medical care without the professional judgment of a medical professional who is currently treating Strickland.

---

[1] This court expresses no opinion as to whether Strickland may have a claim for preliminary injunctive relief against defendants at his current facility.  However, any such claim must be raised in the United States District Court for the Eastern District of Virginia after Strickland has exhausted all available administrative remedies.
[2] The court will review whether each of the defendants are appropriately named as defendants to this action by separate opinion and order.

Finally, although the Health Services Director and the Chief Medical Officer may be medical professionals, there is no evidence that either is currently treating, or has ever personally treated, Strickland. Thus, any ability these defendants would have to provide medical treatment or a special diet would come through the medical professionals at Indian Creek Correctional Center, where Strickland is currently housed and is currently being treated.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1) Strickland's objections to the Report and Recommendation (Docket No. 34) are **OVERRULED**;

2) the Magistrate Judge's Report and Recommendation (Docket No. 33) is **ADOPTED** in its entirety;

3) Strickland's motions to amend (Docket Nos. 22, 24, 25, 26, and 28) are **GRANTED in part and DENIED in part**; these motions are granted to the extent Strickland seeks to add new defendants Dr. Tony, Sgt. White, Dr. Ohai, Nurse Profit, Ms. Carson, and Nurse #1 and facts in support of his claims against these new defendants; however, these motions are denied to the extent he seeks to add new defendants Nurse #2 and Dr. Campbell and facts in support of his claims against these two defendants;

4) Strickland's motion for preliminary injunctive relief (Docket No. 2) is **DENIED**;

5) The Clerk is **DIRECTED** to **ADD** Dr. Tony, Sgt. White, Dr. Ohai, Nurse Profit, Ms. Carson, and Nurse #1 as defendants to this action.

The Clerk of the Court is directed to send copies of this Order to the parties.

**ENTER**: This _15 th_ day of June, 2012.

_____

United States District Judge

3