# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **HAROLD E. STRICKLAND,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:12cv00005 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| **DR. MARK MILITANA, et al.,** | ) | By: Pamela Meade Sargent |
| Defendants. | ) | United States Magistrate Judge |

The pro se plaintiff, Harold E. Strickland, an inmate currently incarcerated at Augusta Correctional Center, ("ACC"), sues numerous Virginia Department of Corrections workers and healthcare workers over his medical treatment for Crohn's disease while incarcerated at Deep Meadows Correctional Center, ("DMCC"), Mecklenberg Correctional Center, ("MCC"), and Powhatan Correctional Center, ("PCC"). This case is before the court on Strickland's Motion For Leave To File Supplemental Amendments, (Docket Item No. 100), and Motion For Leave To Amend Complaint, (Docket Item No. 129) ("Motions"). None of the parties have requested a hearing.

Through the Motions, Strickland seeks to amend his Complaint to assert additional claims against Nurse Shelly Gregory and Mecklenberg Institutional Ombudsman Sylvia Whitten, to add factual allegations against Dr. Mark Militana and Nurse Gayle Harris and to assert additional claims against Dr. Militana, Nurse Harris, Warden H. Ponton and Assistant Attorney General J. Michael Parsons. The defendants oppose the Motions.

Federal Rules of Civil Procedure Rule 15(a) allows amendment of pleadings by leave of the court. Although Rule 15(a) provides that "[t]he court should freely give leave when justice so requires," such leave to amend is not automatically given. "Disposition of a motion to amend is within the sound discretion of the district court." *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Gladhill v. Gen. Motors Corp.*, 743 F.2d 1049 (4th Cir. 1984)). A court also may refuse to allow any amendment that would be futile. *See Foman,* 371 U.S. at 182.

Each of the defendants who are addressed in the Motions, Gregory, Whitten, Harris, Dr. Militana, Ponton and Parsons, were named in Strickland's original Complaint, (Docket Item No. 1). In his Complaint, Strickland sought compensatory and punitive damages under 42 U.S.C. § 1983 and injunctive relief for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. (Docket Item No. 1 at 21.) In particular, Strickland asserted that the defendants had shown deliberate indifference to his serious medical needs. By Order dated February 6, 2012, Strickland was allowed to amend his Complaint to assert additional facts. (Docket Item No. 5.)

Strickland subsequently filed numerous motions to amend his Complaint. (Docket Item Nos. 22, 24, 25, 26 and 28.) By Order dated June 15, 2012, these motions were granted in part and denied in part, and six additional defendants were added. (Docket Item No. 35.) By Order dated August 10, 2012, Strickland was allowed to amend his Complaint to add claims of retaliation and a due process violation against several defendants, including Parsons. (Docket Item No. 40.) Through the Motions, Strickland seeks to amend his Complaint to add claims based upon violation of his rights under the First and Fourteeneth Amendments

and 42 U.S.C. §§ 12203, 503, 1985 and 1986 against Whitten, Gregory, Dr. Militana, Harris, Ponton and Parsons. (Docket Item No. 100 at 2-5; Docket Item No. 130, Att. Nos. 2, 3, 4, 5, 6, 7.) Regarding Strickland's claim under the Fourteenth Amendment, Strickland provides no explanation of this claim in the Motions or in the factual supplements he wishes to add to his Complaint. Strickland states only that the defendants' actions have deprived him of his "equal protection of the laws that is [guaranteed] by our constitution to disabled people." (Docket Item No. 130, Att. No. 5 at 7, Att. No. 6 at 4, Att. No. 7 at 2.) *See also* Docket Item No. 130, Att. No. 4 at 22. While the court must construe pro se plaintiffs' claims liberally, it is not obliged to construct Strickland's arguments or claims for him. *See Haines v. Kerner*, 404 U.S. 519 (1972). Therefore, I will deny the Motions insofar as they seek to add a claim for deprivation of Strickland's Fourteenth Amendment rights.

Regarding Strickland's claims under the First Amendment, it appears that Strickland is asserting that these defendants retaliated against him based on his filing suit against them and the VDOC. (Docket Item No. 130, Att. No. 2 at 1, Att. No. 3 at 2, Att. No. 4 at 19-21, Att. No. 5 at 5, Att. No. 6 at 3-4, Att. No. 7 at 1-2.) To state a claim for retaliation under § 1983, "plaintiff[] must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994). A plaintiff, however, must allege specific facts to support allegations that adverse actions were retaliatory. Bare allegations of retaliation do not establish a claim rising to the level of a constitutional nature. *See Adams,* 40 F.3d at 74-75. Based on my review of Strickland's supplemental filings, I will deny the Motions to add a retaliation claim because I find it futile in that it is not sufficiently pleaded.

Insofar as Strickland attempts to amend his pleading to assert a retaliation claim under the Americans with Disabilities Act, ("ADA"), 42 U.S.C.A. § 12203, I also will deny the Motions. Section 12203 makes it unlawful to retaliate against a person who pursues or assists in the pursuit of a claim under the ADA. *See* 42 U.S.C.A. § 12203(a) (West 2005). Strickland has not pleaded a claim under the ADA, and, therefore, he may not pursue a retaliation claim under the ADA.

I also will deny Strickland's Motions insofar as they seek to amend to allege claims under 42 U.S.C.A. §§ 1985 and 1986. Section 1985(3) creates a private cause of action for conspiracy to deprive a person of his civil rights. Section 1986 creates a private cause of action against any person who, having knowledge of a conspiracy under § 1985 and having the power to prevent it does not prevent it. *See* 42 U.S.C.A. § 1986 (West 2012). Futhermore, a prerequisite for a claim under § 1986 is the existence of an actionable conspiracy under § 1985. *See McCalden v. Cal. Library Ass'n,* 955 F.2d 1214 (9th Cir. 1990).

To state a claim under § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) the person is either injured in his person or property or deprived of any right or privilege of a United States citizen. *See United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott,* 463 U.S. 825, 828-20 (1983) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971)). Other than stating the blanket conclusion that the defendants conspired to prevent him from receiving needed medical care, Strickland's proposed amendments contain no factual allegations to support the conclusion.

Through the Motions, Strickland alleges that Nurse Gregory intentionally disregarded his medical needs by failing to accurately document his medical complaints and body weight during a June 8, 2011, response to his sick call request at Mecklenburg. (Docket Item No. 100 at 4-5.) This is the same allegation raised against Gregory in the Complaint. (Docket Item No. 1 at 29.) Therefore, I find that there is no need to grant the Motions to allow this allegation to be repeated.

Through the Motions, Strickland also alleges that as Institutional Ombudsman, Whitten did not properly respond to his informal complaints and grievances that he submitted while housed at Mecklenburg. (Docket Item No. 100 at 2-3.) In particular, Strickland alleges that Whitten rejected his grievance in retaliation against him for suing the VDOC. (Docket Item Nos. 100 at 2-3; 130, Att. No. 2 at 1-2). While Whitten was named in the Complaint, it contains no factual allegations against her. In *Graham v. Aponte,* the Eastern District of Virginia dismissed an Eighth Amendment claim against a defendant whose "only involvement was his written response to [the inmate's] request for administrative remedy." 2009 WL 249779, at *4 n.4 (E.D. Va. Feb. 2, 2009); *see also Williams v. Baron,* 2008 WL 4507342 (E.D. Cal. Oct. 7, 2008) (no constitutional claim against medical staffer whose "sole role … was to review and respond to plaintiff's grievance … [and] confirmed that steps were being taken to provide plaintiff with necessary medical care"). Therefore, I will deny the Motions insofar as they attempt to allege a claim against Whitten based on her responses to Strickland's complaints and grievances.

Based on the above-stated reasons, the Motions are **DENIED**.

Finally, Strickland also has filed a Motion to Compel, (Docket Item No. 127), requesting that the court direct the defendants to answer the Motion to Amend, (Docket Item No. 100.) As stated above, the defendants filed responses in opposition to Strickland's Motions to Amend. (Docket Item Nos. 119, 120, 139.) Based on the filing of these responses and my findings stated above, I find this motion is moot and, thus, is **DENIED** as well.

ENTER: January 28, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE