CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 09 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HAROLD E. STRICKLAND, | ) | Civil Action No. 7:12cv00005 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| DR. MARK MILITANA *et al.*, | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Harold E. Strickland, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against various employees at Deep Meadow Correctional Center and Mecklenburg Correctional Center, officials from the Virginia Department of Corrections ("VDOC"), VDOC itself, the Commonwealth of Virginia, and Assistant Attorney General John Parsons.[1] Strickland claims that officials denied him adequate medical treatment and a proper diet for his Crohn's disease. Various defendants moved for summary judgment, and the court granted their motions (ECF Nos. 63, 70, 73, 148). As a consequence, there are two remaining defendants, Dr. H. Stephens, Chief Medical Officer of VDOC,[2] and Nurse Shelly Gregory,[3] and the court now dismisses Strickland's claims against those remaining defendants.

---

[1] By September 28, 2012, order, the court dismissed eight of the defendants. (ECF No. 58.) By November 14, 2012, order, the court dismissed two more defendants. (ECF No. 113.) And by March 28, 2013, oral order, the court dismissed three more defendants. (ECF No. 183.)

[2] Strickland identified Dr. H. Stephens, Chief Medical Officer for VDOC, as a defendant in response to an order (ECF No. 180) directing him to provide additional identifying information as to four defendants in the matter that remained unserved. (ECF No. 182.) In that response, Strickland requested the other three named defendants be dismissed without prejudice. Magistrate Judge Sargent granted that request and directed the clerk to serve Dr. Stephens. Dr. Stephens received service on April 15, 2013. (ECF No. 187.)

[3] Gregory did not respond to Strickland's complaint and the Clerk entered her default on March 18, 2013. (ECF No. 179.) Strickland submitted a sworn affidavit (ECF No. 188) purporting to detail his damages against Gregory. However, this affidavit does little more than repeat the allegations contained in his original and amended complaints, and elaborate on Gregory's involvement in his medical treatment. His allegations include Gregory noting his weight at 174 pounds rather than his "true body weight [of] . . . 166 LBS.," noting "stomach pain" on his records instead of the "severe stomach pain" he complained of, making no reference to his "gas smelling like rotting flesh," and no reference to his inability to "keep a regular diet down or that [he] had been vomiting up all [his]

**I.**

The facts and the procedural posture of this case are detailed in the Magistrate Judge's report and this court's memorandum opinion, and the court will not belabor those matters here. It is sufficient to state that, as the Magistrate Judge's report (which the court has adopted) essentially concludes, Strickland did not receive constitutionally deficient medical treatment. Before that report was entered, however, the Clerk entered the default of nurse Shelly Gregory, and since that report Strickland has named Dr. Stevens, the Chief Medical Officer of VDOC because of his supervisory position.

**II.**

It appears that Strickland is suing Stephens solely because of his supervisory position as the Chief Medical Officer. A medical treatment claim cannot be brought against a supervisor absent an allegation that he was personally connected with the denial of the medical treatment.[4] Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). To demonstrate supervisory liability, a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of

---

regular meals with alot [sic] of blood." As relief, Strickland asks the court to award "what damages it thinks [he's] entitled to" and court costs.

[4] The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs." See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eight Amendment cruel-and-unusual-punishment claim, a prisoner must prove two things: "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The objective component is satisfied by proving a serious medical condition. Id. The subjective component is satisfied by showing a prison official's deliberate indifference. Id. Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. Id.; see also Farmer v. Brennan, 511 U.S. 835, 837 (1994). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). In this respect, the right to medical treatment is limited to that treatment that is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977).

2

constitutional injury to citizens such as the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Here, Strickland not only fails to show constitutionally deficient treatment, he fails to show that Stephens was personally involved in his treatment. Therefore, the court *sua sponte* dismisses him from this suit pursuant to 28 U.S.C. § 1915A(b)(1) and (2).[5]

### III.

As to Gregory, Strickland's allegations are frivolous. Therefore, finding good cause, the court vacates the entry of default, see Fed. R. Civ. P. 55(c) ("[t]he court may set aside an entry of default for good cause"),[6] and dismisses Strickland's claims against her pursuant to 42 U.S.C. § 1997e(c)(1).[7]

### IV.

Accordingly, the court will vacate the Clerk's entry of default against nurse Gregory and dismiss Strickland's complaints against Gregory and Stephens.

---

[5] 28 U.S.C. § 1915A(b)(1)–(2) reads:
On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

[6] See also Williams v. Bill Harber, P.A., 803 F.2d 723 (6th Cir. 1986) (the court exercised its discretion appropriately in deciding a cause on the merits and setting aside a default judgment against a nurse who did not answer a frivolous complaint that also failed to state a claim).

[7] 42 U.S.C. § 1997e(c)(1) reads:
The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

**ENTER:** May 9, 2013.

_____
UNITED STATES DISTRICT JUDGE

4